IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Breyanna L. Knox, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 6:15-cv-00915 |
| | § | |
| Maximus, Inc., | § | |
| Defendant | § | |

## COMPLAINT

Plaintiff Breyanna L. Knox complains of Maximus, Inc., and for cause of action states:

### Parties

1.     Plaintiff Breyanna L. Knox ("Knox" or "Plaintiff") is a resident of Henderson County.

2.     Defendant Maximus, Inc. ("Maximus") is a Virginia corporation with its principal place of business in Reston, Virginia.  Maximus may be served with process in this case by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

### Jurisdiction and Venue

3.     This court has jurisdiction over the federal claim asserted herein pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## Exhaustion of Administrative Remedies

5.      Plaintiff has exhausted administrative remedies and complied with all procedural prerequisites to filing this lawsuit by dual-filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Texas Commission on Human Rights, Civil Rights Division, and obtaining notice of her right to sue from the EEOC.

## Relevant Facts

6.      In 2014, Knox began working for Maximus as a customer service representative.

7.      Thereafter Knox developed a tumor or fibroid in her uterus.  The mass placed pressure on her bladder and caused her to need more frequent restroom breaks.  This physical impairment was substantially limiting with respect to one or more major life activities, including (a) the operation of a major bodily function, and (b) working.

8.      Knox informed her employer of her condition and had her doctor complete the paperwork provided by Maximus.  On January 22. 2015 Plaintiff's doctor signed a document describing the impairment, fibroid uterus, how it affected Knox, explaining that it was a long-term condition, and recommending as an accommodation that Knox be allowed restroom breaks at least every ninety minutes.

9.      Knox was qualified for her position, and with the accommodation she worked for several more months.

10.      On June 26, 2015, Plaintiff's supervisor told Knox she was abusing her accommodation and was unable to keep up with all aspects of her job, but neither of these accusations was true.  Knox was only taking the restroom breaks that had been documented by her doctor and that Maximus had allowed her to take, and Knox was keeping up with her duties. Nevertheless, Knox's supervisor terminated her right then and there.

**Causes of Action**

Disabilities Discrimination in Violation of the ADA and the Texas Labor Code

11.     Plaintiff incorporates all foregoing paragraphs herein by reference.

12.     At all times relevant to this case, Plaintiff had a disability, as that term is defined and used in the Americans with Disabilities Act and Chapter 21 of the Texas Labor Code. Plaintiff made Maximus aware of her substantially limiting impairments, and Maximus came to regard Plaintiff as disabled.

13.     Plaintiff was nevertheless qualified to perform and could perform the essential functions of her job, although there came a time when she needed reasonable accommodations in order to do so.  Plaintiff asked for reasonable accommodations, and reasonable accommodations were granted.

14.     On June 26, 2015, Maximus falsely claimed Plaintiff was abusing her accommodations and failing to keep up with her work, and it terminated Plaintiff's employment. These false excuses were merely pretext for disabilities discrimination, which was the real reason for the termination.

15.     Defendant unlawfully discriminated against Plaintiff by because of disability by terminating her employment.

16.     Defendant's violations of the ADA and the Texas Labor Code were knowing and intentional, or in reckless disregard of Plaintiff's rights under these statutes, and caused Plaintiff to sustain actual damages that are compensable under both statutes, including lost income and benefits, loss of seniority, mental anguish and other compensable non-economic damages, plus attorney fees and costs.

**Jury Demand**

17.     Plaintiff requests a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff requests judgment against Maximus, Inc. awarding all damages and remedies to which she may be justly entitled, including lost wages and benefits, compensatory and punitive damages, declaratory, equitable, and injunctive relief including reinstatement, a reasonable attorney's fee, all applicable expert witness fees, costs of the action, pre-judgment and post-judgment interest at the highest rates allowed by applicable law, and all other relief to which she may show herself to be justly entitled.


Respectfully submitted,


/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Donald E. Uloth, P.C.
18208 Preston Road, Suite D-9 # 261
Dallas, Texas 75248
Phone: (214) 725-0260
Fax: (866) 462-6179
don.uloth@uloth.pro
Counsel for Plaintiff